Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996
Fax 602.253.8346

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | In Proceedings Under Chapter 13 |
| RUSSELL LEE MCCLURE, | Case No. 2-08-BK-16702 PHX RJH |
| and | **TRUSTEE'S RECOMMENDATION** |
| SANDRA D. MCCLURE, | (No hearing) |
| Debtors. | |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs.

Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

1.      The Trustee requests a copy of the Debtors' state and federal income tax returns for 2008, to include all schedules, statements and w-2 forms.

2.      Debtor has a domestic support obligation.  Pursuant to 11 U.S.C. § 1325(a)(8), the order confirming plan must state: "The debtor has paid all amounts that are required to be paid under a domestic support obligation and that first became payable after the date of the filing of the petition."  Moreover, with the proposed order confirming plan, the Trustee requires that the Debtor give the Trustee verification of being current in post-petition DSO payments.

3.      The proof of claim filed by Wachovia Dealer Services lists a debt balance of $14,572.00.  The Trustee has considered the claim amount in his Plan analysis.

4.      The proofs of claim filed by the Arizona Department of Revenue and Beth McClure Shimel differ from the creditors' treatment under the Plan or are not provided for by the Plan.  The Trustee has received no notification that the issues have been resolved and the Debtor(s) must resolve the discrepancies before the Trustee recommends confirmation of the Plan.  As to each claim,

the Trustee requires that the Debtor(s): (a) file an objection to the claim (if the debt is believed to be unsecured; (b) notify the Trustee **in writing** that the claim issue has been resolved and the holder of the claim will endorse the order confirming the Plan; (c) notify the Trustee **in writing** that the order confirming the Plan will provide for full payment of the claim; or (d) timely file an amended Plan to provide for some or all payment on the claim. If resolution of the claims changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If one or more objections to the proofs of claim is timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the last objection.

5. Any Order confirming the Plan must comply with the provisions of the Trustee's Memorandum dated March 19, 1998 (copy enclosed or previously submitted to counsel). The tax years are 2009 and 2010. The time to submit a proposed Order to the Trustee is extended to 15 days after the conclusion of any objection to proof of claim or objection to confirmation.

6. Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

- 2 -

| | |
|---|---|
| 1 | **Plan payment status**: The Debtors' interim payments of $654.47 each are current through |
| 2 | due date June 19, 2009. Subsequent payments are due each following month. The Trustee reminds |
| 3 | the Debtors that they may access case information from the Trustee's office, such as plan payments |
| 4 | received, by going to www.13datacenter.com. Then, under the Debtor section, click 'Click Here to |
| 5 | get started' and follow the instructions. Also, a debtor may get email notification of docket events |
| 6 | by filling out the Bankruptcy Court's Debtor Email Registration Form. The form is available on the |
| 7 | Court's website at www.azb.uscourts.gov and then going to Forms and Publications. |
| 8 | SUMMARY |
| 9 | **Pursuant to Local Rule 2084-10, paragraph E.(2), the Debtors must provide the** |
| 10 | **following by July 27, 2009 or the Trustee will lodge an order dismissing the case:** |
| 11 | (a)    All information and documents as requested in Items #1, #2 and #4 above; and |
| 12 | (b)    Pay to the Trustee the sum of $654.47. |
| 13 | **The Court may dismiss the case without further notice for the Debtors' failure to timely** |
| 14 | **comply with the Trustee's Recommendation.**  If the Debtors meet all requirements of the |
| 15 | Recommendation and this case remains active, Debtors' counsel must submit to the Trustee for |
| 16 | review and signature, a proposed stipulated Order Confirming the Plan, signed by all objecting |
| 17 | parties, which incorporates the requirements of this Recommendation, no later than July 27, 2009. |
| 18 | The Trustee considers the time for reviewing a proposed Order pursuant to Rule 2084-13(c), |
| 19 | L.R.B.P., to begin running when all Recommendation conditions are met. |
| 20 | |
| 21 | |
| 22 | |
| 23 | _____ |
| 24 | Russell Brown<br>Chapter 13 Trustee |
| 25 | \\\ |
| 26 | \\\ |
| 27 | |
| 28 | - 3 - |

A copy of this document was
mailed on the date signed below to:


Russell and Sandra McClure
14923 W. Rampart Drive
Surprise, AZ 85374
Debtor(s)


Joseph W. Charles
P.O. Box 1737
Glendale, AZ 85311-1737
Attorney for Debtor(s)

_____

*cherylturner@ch13bk.com*

- 4 -